**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:22-CR-00205-KDB-DCK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) |
| | ) |
| **v.** | )      **ORDER** |
| | ) |
| **RICKY BEASLEY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

     **THIS MATTER** is before the Court on the United States' Motion for Preliminary Order of Forfeiture (Doc. No. 32). The United States requests, under Fed. R. Crim. P. 32.2(b), 21 U.S.C. § 853, and 18 U.S.C. § 924, that this Court enter a Preliminary Order of Forfeiture for the firearms and ammunition that was involved in or used in the violations for which Defendant pleaded guilty. For good cause shown and based on the preponderance of the evidence, the Court **GRANTS** the Motion, and **FINDS AS FOLLOWS**:

     Section 924(d) authorizes the forfeiture of firearms involved in violations of criminal laws of the United States, 21 U.S.C. § 853 makes property that "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" Title 21 violations subject to forfeiture, and Fed. R. Crim. P. 32.2(b)(1) provide for the preliminary forfeiture, pending petitions by third parties of seized assets. Forfeiture is appropriate upon a finding of a nexus, or connection, between the property and count(s) of convictions. Fed. R. Crim. P. 32.2(b)(1)(A). Here, Defendant's guilty plea to Counts One and Three in the Indictment and the evidence heard at sentencing establish the nexus between the firearms and ammunition for which the Government

seeks a preliminary order of forfeiture on and the firearms and ammunition are accordingly forfeitable under Section 924(d).

It is therefore **ORDERED**:

1. Based upon Defendant's plea of guilty and the evidence heard at sentencing, the United States is authorized to maintain possession of the following property, and the property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third-party claims and interests, pending final adjudication herein:

> **One Taurus, model G2C, 9mm pistol, serial number ACL584788; One Glock, model 19, 9mm pistol, serial number AGHX134; and One Taurus, model Judge, 45 Colt and 410 GA revolver, serial number DN122499, and ammunition seized on May 11, 2022.**

2. Under 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of third-party interests, if any, this Court will enter a final Order of Forfeiture under 21 U.S.C.§ 853(n) and Fed. R. Crim. P. 32(c)(2).

4. If no third-party files a timely claim, this Order of forfeiture shall become Final and shall be made part of the sentence and included in the judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

**SO ORDERED.**

Signed: August 3, 2023

Kenneth D. Bell
United States District Judge